UNITED STATES DISTRICT COURT
                       DISTRICT OF MASSACHUSETTS


UNITED STATES                    )    CR. No. 04-11962-WGY
                                 )
                                 )
       v.                        )
                                 )
EDWIN CARMICHAEL                 )
                                 )
                                 )

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO CORRECT JUDGMENT
PURSUANT TO RULE 36-RULES OF CRIMINAL PROCEDURE**

The United States of America, by and through its undersigned attorneys, hereby opposes Defendant's Motion to Correct Judgment Pursuant to Rule 36-Rules of Criminal Procedure. As set forth more fully below, the defendant's motion should be denied because there was no clerical error in the Judgment and the defendant's complaints concerning the awarding of credit must be addressed to the Bureau of Prisons.

**STATEMENT OF THE CASE**

As Edwin Carmichael ("Carmichael") states in his motion, the Hon. Walter J. Skinner sentenced defendant Carmichael to a term of 262 months' imprisonment. Judge Skinner noted that the sentence was to "run concurrent with Massachusetts state sentence now being served" and Carmichael was to receive credit "for time served 10/12/89 to present." Judgment, Ex. A to Carmichael's motion. Carmichael now seeks relief pursuant to Rule 36 of the Federal Rules of Criminal Procedure, contending that the district court's judgment must be amended in response the Bureau of

Prisons' ("BOP") failure to credit Carmichael for time served on his state sentence.

**ARGUMENT**

1. <u>The Motion is Procedurally Barred: Rule of Criminal Procedure 36 Does not Apply to this Case, as it Deals with Clerical Errors.</u>

Rule 36 permits the district court to correct "[c]lerical mistakes" and "errors in the record arising from oversight or omission." Fed.R.Crim.P. 36. The Rule applies to straightforward clerical and technical errors. <u>United States v. Ranney</u>, 298 F3d. 74, 81 (1st Cir. 2002). The "error" of which Carmichael complains is not such a clerical or technical matter, but rather the Bureau of Prisons' computation of Carmichael's sentence. Accordingly, the motion must be denied.

2. <u>Even Considered On The Merits, Carmichael's Motion Fails: He Must Follow Bureau of Prisons Administrative Remedies to Pursue Credit for Time Served.</u>

A district court is not authorized to award credit at sentencing; it is the Attorney General who computes the amount of credit after a defendant begins his federal sentence. <u>See United States v. Wilson</u>, 503 U.S. 329, 331-333 (1992). After a district court sentences a defendant, the Attorney General, through the BOP, has the responsibility for administering the sentence. It is the BOP that computes the amount of the credit after the defendant has begun to serve his sentence. <u>Id</u> at 335. To obtain

the relief he seeks, Carmichael must first exhaust his administrative remedies with the BOP. Following that effort, if he remains dissatisfied, Carmichael may attempt to seek judicial review pursuant to 28 U.S.C. § 2241.  See Rogers v. United States, 180 F.3d 349, 357 (1st Cir. 1999)

The BOP has established an Administrative Remedy Program under which inmates "may seek formal review of an issue which relates to any aspect of their confinement. . . " 28 C.F.R. § 542.10.  Under the review process codified at 28 C.F.R. § 542.10, *et seq.*, an inmate must adhere to a three-level grievance procedure prior to filing a lawsuit.  First, the inmate must file a complaint with the Warden of the institution.  Second, if the inmate is not satisfied with the response, he or she may appeal to the appropriate Regional Office.  Finally, if the inmate still is not satisfied, he or she may appeal to the Office of the General Counsel in Washington D.C.  This appeal is considered the final administrative appeal in the Bureau of Prisons' Administrative Remedy Program.  Only after the inmate has pursued his or her grievance through each of the three levels, has he or she exhausted the administrative remedies.

The administrative remedies set forth above are jurisdictional in nature. Rogers v. United States, 180 F.3d 349, 357-58 (1st Cir. 1999)(noting that judicial review of jail-time credit determinations can be made after administrative remedies

are exhausted); <u>Irwin v. Hawk</u>, 40 F.3d 347, 349 n.2 (11th Cir. 1994); <u>United States v. Flanagan</u>, 868 F.2d 1544, 1546-47 (11th Cir. 1989)(prisoner's claim that his pre-sentence custody should have been credited against his sentence was not properly before the court because prisoner failed to exhaust administrative remedies); <u>United States v. Morales-Morales</u>, 985 F.Supp. 229, 231 (D.P.R. 1997)(the regulations "set out the procedures that prisoners must pursue prior to seeking relief in district court" and make clear that "exhaustion of administrative remedies is jurisdictional").  If the procedures are not exhausted, the Court lacks jurisdiction to consider a prisoner's claim.

In this case, Carmichael has not demonstrated that he has exhausted his administrative remedies.  Further, it has not been established that Carmichael has made any attempt to seek an administrative remedy for these credits.

### CONCLUSION

Based upon the foregoing, Carmichael's Motion to Correct Judgment to Rule 36-Rule of Criminal Procedure must be denied.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:  /s/ Rachel E. Hershfang
Rachel E. Hershfang
Assistant U.S. Attorney
(617) 748-3249

CERTIFICATE OF SERVICE

    This is to certify that I have this day served upon Edwin Carmichael, FCI, Ray Brook, P.O. Box 9008, Ray Brook, NY 12977-9008  a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

This 7th day of October, 2004.

 

_____
Rachel E. Hershfang
ASSISTANT UNITED STATES ATTORNEY